

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ANNIE MAE GILBERT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:14-981-MGL-MGB |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying benefits be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 19, 2015, Plaintiff filed her objections on July 9, 2015, and Defendant filed her response to Plaintiff's objections on July 27, 2015. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her applications on January 19, 2011, alleging that her disability commenced on January 1, 2011. The Social Security Administration denied her claims, both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on September 25, 2012. The ALJ then issued a decision on October 26, 2012, finding that Plaintiff was not disabled under the Act. The Appeals Council declined review. Plaintiff then filed this action for judicial review.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory

objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

Even with this standard, plaintiffs often fail to point the Court to alleged errors in the Magistrate Judge's Report. Instead, they complain about purported errors in the ALJ's decision, without any reference to the Report whatsoever. But the law, as explained above, requires that plaintiffs make specific objections to the Report, not to the ALJ's decision. It is not the duty of this Court to make a de vo review of the ALJ's entire decision. Instead, it will make a de novo review of only those portions of the decision that the Magistrate Judge accepted, but to which the plaintiff has specifically objected. In other words, the plaintiff's objections must be aimed at the Report; and not the ALJ's decision.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Under the substantial evidence standard . . . ,we must view the entire record as a whole. Additionally, the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have

supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).

Plaintiff submits two main objections, each containing several subparts. The Court will address each of the specific objections to the Report in turn.

First, Plaintiff appears to complain that the Magistrate Judge erred in agreeing with the ALJ that the Residual Functional Capacity (RFC) accounted for all of Plaintiff's alleged impairments. The Court disagrees.

According to Plaintiff, the Magistrate Judge erred in finding that "the ALJ properly limited Plaintiff to 'simple' work' and relied on . . . Dr. [Janet] Boland's assessment that [Plaintiff] could perform simple tasks without special supervision despite difficulties in concentration and pace on complex tasks." Objections 1 (citation omitted).

According to Dr. Boland, "due to [Plaintiff's] mental conditions . . ., she may have difficulty sustaining her concentration and pace of complex tasks. However, she should be able to attend to and perform simple tasks without supervision." A.R. 475. A reasonable person could interpret this statement to mean that, "[a]lthough Plaintiff may have difficulty sustaining her concentration and pace on complex tasks, she would not have any difficulty sustaining concentration and pace on simple tasks. Otherwise, Dr. Boland would not have stated that Plaintiff 'should be able to attend to and perform simple tasks without supervision.'" *Id*. (quoting A.R. 475). The Magistrate Judge and the ALJ accepted this opinion and Plaintiff has failed to marshal any compelling reason as to why the Court should reject it. Therefore, the Court agrees with the Magistrate Judge and finds that, as to concentration and pace, the ALJ's decision contains no legal error and substantial evidence supports the decision that Plaintiff can perform simple tasks.

According to Plaintiff, the Magistrate Judge fails to "address [Plaintiff's] initial argument that a limitation to simple work would not account for [her] inability to deal with the public or co-workers, nor does it address her inability to handle stress. The [Report] appears to focus solely on the issue of moderate limitations in concentration, persistence[,] and pace." Objections 1-2. Plaintiff maintains that

> [t]he record shows that [Plaintiff] saw and heard deceased relatives. She had angry outbursts with screaming and throwing things that lasted twenty to thirty minutes. She exhibited symptoms of social isolation. She was fired or laid off from a job because she was in a fight with a co-worker. Dr. Ford wrote that [Plaintiff] had anger outbursts, she had challenges with being around people and loud noises, she isolated herself, and she angered easily. She felt betrayed by people and had limited contact with people as a result. While the Commissioner and the Magistrate Judge emphasize that her hallucinations improved with medications, she continued to have ongoing symptoms of dysphoria, crying spells, anergy, anhedonia, social isolation and withdrawal.
>
> Moreover, Dr. Boland found [Plaintiff] had moderate difficulties in social functioning. The ALJ states that the record did not demonstrate that [Plaintiff's] activities of social functioning were limited to the extent that Dr. Boland concluded, indicating that Dr. Boland's opinion was supported by [Plaintiff's] report of being anxious when out in public. It is unclear why anxiety in public would not support Dr. Boland's findings of moderate limitations. It is also unclear why the ALJ did not limit [Plaintiff]'s interactions with the public if the ALJ concurs that [Plaintiff] suffered from anxiety when dealing with the public. [Plaintiff] submits the ALJ's findings regarding the severity of her symptoms is not adequately explained and additional limitations related to working with others, or her inability to handle stress, are not accounted for in the RFC.

Objections 2-3 (citations omitted).

Plaintiff's contention that she is unable to interact with the public and co-workers and that being in public causes her anxiety and stress is belied by the record. As the ALJ noted, however,

> [i]n social functioning, [Plaintiff] has mild difficulties. [Plaintiff's] representative indicated that she is anxious around other people. During an examination at Polly Best Mental Health (Polly Best) on April 4, 2012, [Plaintiff] reported symptoms of social isolation, withdrawal, and being anxious when out in public. However, [Plaintiff] stated she is able to use public transportation, go shopping, and attend church, indicating that she does not have a marked limitation in social functioning.

A.R. 13 (citations omitted).

As to Plaintiff's mental impairments,

> [i]n Dr. James Ford's description of Plaintiff's symptoms on her April 4, 2012, visit with him, Dr. Ford wrote that "48 yo [with] diagnosis of MDD is seen for follow up. [Plaintiff] reports some improvement with medications but does report some ongoing depressive symptoms of dysphoria, crying spells, anergy, anhedonia, social isolation and withdrawal. She also reports occasional auditory and visual hallucinations but reports that these have improved since being on Seroquel. She also reports being anxious when out in public.

A.R. 509. In considering whether Plaintiff was disabled, the ALJ observed that

> progress notes from Polly Best [where Dr. Ford was employed] indicate [Plaintiff's] depression is improving with medication and therapy. [Plaintiff's] GAF score improved from 45 when she began treatment in December 2010 to 50 in April 2012. On April 4, 2012, [Plaintiff's] mental examination revealed Plaintiff's judgment and insight were good, her thought process was logical and goal directed, and her attention, concentration, and memory were intact. While [Plaintiff's] did report occasional auditory and visual hallucinations, she stated that her hallucinations had improved with the medication Seroquel. Therefore, the [ALJ finds] that [Plaintiff's] depression is not as limiting as to preclude [Plaintiff] from performing basic work activity.

A.R. 18. As the Fourth Circuit has long held, because the ALJ "had before him substantial evidence from which to conclude that Plaintiff's . . . condition was susceptible to successful treatment, he was justified in a finding of non-disability." *Bradey v. Ribicoff*, 298 F.2d 855, 857 (4th Cir. 1962).

Therefore, for the reasons stated above, the Court finds that the ALJ's decision as to Plaintiff's first objection is free from legal error and is supported by substantial evidence. As such, Plaintiff's first objection, along with all of its sub-parts, will be overruled.

Second, Plaintiff argues that the Magistrate Judge was mistaken in suggesting to the Court that there was substantial evidence in the record to support the ALJ's credibility as to Plaintiff. The Court is unpersuaded.

As noted by Plaintiff, "[t]he Magistrate Judge states that the ALJ considered activities of daily living and conservative treatment and finds no error in the ALJ's conclusions." Objections 3-4 (citation omitted). To this, Plaintiff complains that

> [t]he Magistrate Judge cites cases where [Plaintiff's] routine activities included reading, cooking, attending church, cleaning house, doing laundry and visiting were inconsistent with complaints of disability. Activities such as driving, shopping, visiting with relatives, and playing cards were inconsistent with disability and visiting were inconsistent with complaints of disability. Activities such as driving, shopping, visiting with relatives, and playing cards were inconsistent with disability. However, these are distinct from [Plaintiff's] reported activities of needing help with chores, needing help with getting in the bathtub, and needing help with meals. She indicated that she spent the day watching television and reading her Bible. Neither the ALJ nor the Magistrate Judge articulate the inconsistency between [Plaintiff's] activities and her reported levels of pain, leaving the credibility analysis void of a proper explanation.

Objections 5-6 (citations omitted). Plaintiff is mistaken.

The ALJ and the Magistrate Judge, however, "do articulate the inconsistency between [Plaintiff's] activities and her reported levels of pain." *Id.* at 6. In the ALJ's decision, he states that

> [Plaintiff's] allegations of daily living are not fully credible. The [Plaintiff] testified that her niece helps her with her daily chores, her niece helps her in the tub, and either her husband or her niece makes her meals. However, [Plaintiff] lives alone in a mobile home, suggesting that she is not completely dependent upon others for her

7

> care and she is able to perform some daily activities independently. Furthermore, [Plaintiff] stated in May 2011 that she enjoyed working in the garden and cooking on the grill.[*]  These activities are inconsistent with the degree and duration of pain that [Plaintiff] alleges.  Therefore, the undersigned finds that Plaintiff's daily activities do not support a finding of total disability.
>
> The objective evidence of record does not support Plaintiff's allegations. [Plaintiff] has only been treated conservatively with pain medications for her osteoarthritis, back pain, and leg pain, suggesting that these conditions are not as disabling as [Plaintiff] has alleged. Furthermore, [Plaintiff's] physicians have not suggested advanced treatments such as steroid injections or surgery for her osteoarthritis and pain.

A.R. 18.  Because Plaintiff's daily activities are inconsistent with one who is disabled, the Court holds that the Magistrate Judge did not err in suggesting that substantial evidence supports the ALJ's decision to factor Plaintiff's daily activities into his credibility determination.  *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) ("The ALJ also found [the plaintiff's] complaints of pain to be inconsistent with her testimony of her routine activities.  [Plaintiff] testified that she attends church twice a week, reads books, watches television, cleans the house, washes clothes, visits relatives, feeds the family pets, cooks, manages her household finances, and performs the stretches recommended by her chiropractor.")

As to the conservative treatment that Plaintiff received, it is well established in the Fourth Circuit that it is appropriate for the ALJ to consider the conservative nature of the treatment that a plaintiff receives in making a credibility determination.  *See Gross v. Heckler*, 785 F.2d 1163,

---

[*]The Court's de novo review of the record fails to comport with Plaintiff's suggestion that Plaintiff did not actually garden or cook on the grill, but just that she was merely reminiscing about those times when she did those things with her father. Objections 5. Dr. Ford's notes clearly state that Plaintiff "reports that she enjoys working in the garden and cooking on the grill[,] which she learned from her father. [Plaintiff] reminisced about the things that she used to do with her father." A.R. 439.

1165–66 (4th Cir.1986) (finding the plaintiff's claim that he was disabled not credible when "[h]is arthritis responded to conservative treatment, and his stomach pains were relieved by antacids. If a symptom can be reasonably controlled by medication or treatment, it is not disabling."); *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir.1984) ("Claimant's allegations that he suffered such severe pain are not supported by x-rays or neurological findings. He has never been hospitalized for his back pain or other ailments. At the prior supplemental hearing, claimant indicated that the medication he was taking for pain was Extra Strength Tylenol and Extra Strength Excedrin, both nonprescription medicines. At the latest supplemental hearing, claimant testified that he was taking Nalfon, which the Physician's Desk Reference describes as an analgesia for treatment of mild to moderate pain, prescribed for relief from acute flairs of rheumatoid arthritis and osteoarthritis. The ALJ observed that stronger medications could have been prescribed."). Given the conservative treatment that Plaintiff received, the Magistrate Judge was correct in suggesting that there was substantial evidence in the record to support ALJ's consideration of the conservative treatment that Plaintiff received in making his credibility determination.

Finally, Plaintiff is correct in her assertion that *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) held that the ALJ mistakenly determined [Plaintiff's] RFC before assessing her credibility. *Id*. at 639. The language that the ALJ employed in doing what he did is based on the following language.

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

*Id*., A.R. 17

9

Plaintiff maintains that because the ALJ used the same boilerplate language in his decision, it was error. But, because the ALJ "properly analyzed [Plaintiff's] credibility elsewhere," any alleged error by the ALJ was harmless. *See Mascio*, 780 F.3d at 639.

The Court has considered Plaintiff's remaining issues, but finds them to be without merit. Therefore, it will overrule those objections, as well.

"While [Defendant's] decision must 'contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating [Defendant's] determination and the reason or reasons upon which it is based,' 42 U.S.C. § 405(b)(1), 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]'" *Reid v. Comm'r, of Social Sec. 769 F.3d 861, 865* (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Further, Defendant, "through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, [the Court] take[s] her at her word." *Id*. (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter").

In sum, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled under the Act during the relevant time period and that the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

To the extent that the ALJ could have done a better job in explaining his decision, because the ALJ's decision is overwhelmingly supported by the record, to remand the case to Defendant would be a waste of time and resources. *See Bishop v. Comm'r of Soc. Sec.*, 583 Fed. App'x 65, 67 (4th Cir. 2014) ("[I]f the [ALJ''s] decision is overwhelmingly supported by the record though the

10

agency's original opinion failed to marshal that support, then remanding is a waste of time.") (citation and internal quotation marks omitted)).  Therefore, the Court will affirm Defendant's final decision to deny DIB and SSI to Plaintiff.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 19th day of August. 2015, in Columbia, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE